**The Cardoza Law Corporation**
Michael F. Cardoza, Esq. (SBN: 194065)
Mike.Cardoza@cardozalawcorp.com
Lauren B. Veggian, Esq. (SBN: 309929)
Lauren.Veggian@cardozalawcorp.com
548 Market St., #80594
San Francisco, CA 94104
Telephone:  (415) 488-8041
Facsimile:   (415) 651-9700
*Attorneys for Plaintiff*,
Nelly C. Osuji

# UNITED STATES DISTRICT COURT
# FOR THE
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NELLY C. OSUJI,<br><br>    Plaintiff,<br><br>    v.<br><br>SELECT PORTFOLIO SERVICING, INC.,<br><br>    Defendant. | Case No.:<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF:**<br><br>**1.) THE FAIR CREDIT REPORTING ACT, 15 U.S.C. §§ 1681, ET SEQ.;**<br><br>**2.) CONSUMER CREDIT REPORTING AGENGY ACT, CAL. CIV. CODE §§ 1785 ET SEQ.**<br><br>**3.) CALIFORNIA IDENTITY THEFT ACT, CAL. CIV. CODE §§ 1798.93, ET SEQ.;**<br><br>**DEMAND FOR JURY TRIAL** |

///

///

///

**COMPLAINT FOR DAMAGES**

## INTRODUCTION

1. Plaintiff is a victim of identity theft.

2. An unknown and unauthorized individual unlawfully used Plaintiff's personal information, including her social security number ("SSN") to open a mortgage account when Plaintiff was under the age of 18. The mortgage account is still open and being maintained using Plaintiff's PII. Defendant Select Portfolio Servicing, Inc., ("Defendant") is now attempting to collect the debt from Plaintiff.

3. Plaintiff filed a police report with the Elk Grove Police Department and notified Defendant of the identity theft and unauthorized use of her personal information.

4. As alleged herein, Select Portfolio Servicing, Inc. repeatedly refused to investigate Plaintiff's claims of identity theft, and have instead maintained an interest in money which is the product of identity theft in violation of: the California Identity Theft Act ("CITA"), Cal. Civ. Code §1798.93 et seq.

5. In addition, Select Portfolio Servicing, Inc. has furnished incorrect and/or incomplete information regarding the alleged debt based on identity theft to at least one Credit Reporting Agency ("CRA"), and Select Portfolio Servicing, Inc. appears on Plaintiff's Experian consumer disclosure in violation of the Consumer Credit Reporting Agencies Act, Cal. Civ. Code §1785.25. Plaintiff has disputed Select Portfolio Servicing, Inc. reporting, and Select Portfolio Servicing, Inc. failed to do a reasonable reinvestigation into Plaintiff's dispute, in violation of the Fair Credit Reporting Act, 15 U.S.C. §1681 et seq.

6. **NELLY C. OSUJI** ("Plaintiff"), by Plaintiff's attorney, brings this action for actual damages, statutory damages, punitive damages, attorneys fees, and costs, against **SELECT PORTFOLIO SERVICING, INC.** for violations of: (1) the Fair Credit Reporting Act 15 U.S.C. § 1681 et seq., (hereinafter "FCRA") , (2) Cal. Civ. Code § 1785 et seq. ("CCRAA"), and (3) the California identity Theft Act ("CITA"), Cal. Civ. Code §1798.93 et seq.

///

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

7. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to the Plaintiff, or to the Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

8. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

9. All violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

10. Unless otherwise indicated, the use of a Defendant's name in this Complaint includes all agents, principles, managing agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of those Defendants named.

11. Unless otherwise stated, all the conduct engaged in by Defendant occurred in the State of California.

12. At all times relevant, Plaintiff was an individual residing within the State of California.

13. All correspondent referenced herein was sent to Plaintiff at an address located within the State of California.

## FCRA and CCRAA

14. The Fair Credit Reporting Act (FCRA), found at 15 U.S.C. § 1681, et seq., was originally enacted in 1970. The express purpose of the FCRA was to require that consumer reporting agencies adopt and implement "reasonable procedures" for ensuring that credit information about a consumer was collected, maintained, and dispensed "in a manner which is fair and equitable to the consumer with regard to the confidentiality, accuracy, relevancy and proper utilization of such information …" FCRA, 15 U.S.C. §1681(b); *Safeco Ins. Co. of Am. v. Burr* (2007) 551 U.S. 47, 127 S.Ct. 2201, 2205. The Congressional findings noted that "[t]here is a need to insure that consumer reporting agencies exercise their grave

responsibilities with of fairness, impartiality, and respect for the consumer's right to privacy."[1] The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, who are called "furnishers."

15. The Consumer Credit Reporting Agencies Act (CCRAA), the California version of the FCRA, was originally enacted in 1975. In language virtually identical to that found in the original FCRA legislation, the California Legislature stated the CCRAA's purpose was "to require that consumer credit reporting agencies adopt reasonable procedures" for handling credit information so as to ensure it was handled in a manner which was "fair and equitable to the consumer with regard to confidentiality, accuracy, relevancy, and proper utilization of such information in accordance with the requirements of this title."[2] In 1993, the California Legislature amended the CCRAA and added a section that imposes duties on furnishers similar to those found in the FCRA. For example, Civil Code § 1785.25(a) provides that the furnisher "shall not" furnish credit information to "any credit reporting agency if the person [furnisher] knows or should know the information is incomplete or inaccurate."

16. Under the FCRA, the term "consumer report means any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's creditworthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living, which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in the underwriting of credit transactions involving the consumer."

## JURISDICTION AND VENUE

17. Jurisdiction of this court arises pursuant to 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United

---

[1] FCRA, 15 U.S.C. §1681(a)(4)
[2] Cal. Civ. Code § 1785.1(d)

States, 15 U.S.C. § 1681p (FCRA), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

18. This action arises out of Defendant's violations of: (1) the Fair Credit Reporting Act 15 U.S.C. § 1681 et seq., (hereinafter "FCRA"), (2) Cal. Civ. Code § 1785 et seq. ("CCRAA"), and (3) the California identity Theft Act ("CITA"), Cal. Civ. Code §1798.93 et seq.

19. This Court has personal jurisdiction over Defendant as they do business within the State of California, have sufficient minimum contacts with this state, and otherwise purposefully avail themselves of the markets in the State of California through the promotion, sale, and marketing of their products and services within this state, to render the exercise of jurisdiction by this Court proper.

20. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the acts and transactions occurred here, Plaintiff resides here, and Defendant transact business here.

## PARTIES

21. Plaintiff is natural persons who resides in the city of Elk Grove, County of Sacramento, State of California. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c) and by Cal. Civ. Code § 1785.3(b).

22. Plaintiff is a "victim of identity theft" as that term is defined by Cal. Civ. Code §1798.92(d).

23. Defendant Select Portfolio Servicing, Inc. (hereinafter "Defendant" or "SPS") is a Utah corporation operating from an address of 3217 S Decker Lake Drive, Salt Lake City, UT 84119, and is a "person" as defined by 15 U.S.C. § 1681a(b).

24. Defendant purports to have a claim for, and/or has attempted to collect, money or an interest in property in connection with a transaction procured through identity theft and is therefore a "claimant" as that term is defined by Cal. Civ. Code §1798.92(a).

///

25. This case involves Plaintiff's "consumer report" as that term is defined by 15 U.S.C. § 1681a(d)(1) and "consumer credit report(s)" as that term is defined by Cal. Civ. Code § 1785.3(c).

26. Defendant is a furnisher of information as contemplated by FCRA sections 1681s-2(a) & (b), that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences, and is a "person" who "furnished information on a specific transaction or experience to any consumer credit reporting agency" under Cal. Civ. Code §§ 1785.3(j) and 1785.25.

### FACTUAL ALLEGATIONS

27. Plaintiff is individuals residing in the County of Sacramento in the State of California.

28. Plaintiff is informed and believes, and thereon alleges, that at all times relevant, Defendant conducted and continue to conduct business in the State of California.

29. Upon information and belief, the CRA's forwarded Plaintiff's disputes to Defendant Select Portfolio Servicing, Inc.

30. Defendant Select Portfolio Servicing, Inc. knows that it often fails to correct or remove credit information based on identity theft from CRA reporting.

31. Defendant Select Portfolio Servicing, Inc. has been sued by consumers and suffered judgments as a result of its' failures to correct or remove credit information based on identity theft from CRA reporting.

32. In responding to the disputes received by the CRA's, Defendant Select Portfolio Servicing, Inc. conducted no investigation of the accuracy of its furnishing.

33. Plaintiff is a victim of identity theft.

34. The mortgage at issue in this case was opened in April 2005. Plaintiff was eleven years old – she was born in 1994.

35. Plaintiff's mother has the same first and last name as her.

36. Plaintiff believes her mother used Plaintiff's personal identifying information to apply for and obtain the mortgage at issue here jointly with Plaintiff's father.
37. Plaintiff did not apply for the mortgage.
38. Plaintiff did not give permission for her personal identifying information to be used to apply for the mortgage.
39. On or around December 30, 2020, Plaintiff went to the Elk Grove Police Department and made a report of fraud and identity theft ("PR"), stating that her mother has been using her name and social security number since 2002, and that she discovered this on June 29, 2020, when she attempted to purchase a vehicle and was unable to because there was a mortgage in arrears on Plaintiff's credit report.
40. On or around May 26, 2021, Plaintiff mailed a full Identity Theft Notification ("IDTN") to Defendant, as well as to credit reporting agencies ("CRAs") Experian, Equifax, and TransUnion, regarding the mortgage at issue.
41. The IDTNs contained a letter disputing the account information and informing all recipients that Plaintiff was a victim of identity theft.
42. The IDTN letter requested that all recipients investigate the account and ID theft within 30 days of receipt of the letter, and requested confirmation that Plaintiff would no longer be responsible for the account(s) opened using her personal information without her permission.
43. The IDTNs included the following as enclosures: FTC Affidavit of Identity theft, PR, California ID for Plaintiff, Plaintiff's driver's license, address verification, a handwriting sample, and an annotated copy of Plaintiff's credit reports with the disputed items circled.
44. PG&E received Plaintiff's IDTN on or around June 1, 2021.
45. Defendant sent Plaintiff a letter dated June 3, 2021, asking Plaintiff to send documentation she had already provided, as well as some additional documentation.

46. On or around June 29, 2021, Plaintiff mailed a second IDTN to Defendant, with the additional information that Defendant was requesting.
    a. This IDTN had enclosed the June 3, 2021, letter from SPS, the SPS specific identity theft affidavit, a copy of Plaintiff's social security card, and a full copy of the May 26, 2021, IDTN Plaintiff had previously sent to SPS.
47. SPS received the second IDTN on July 3, 2021.
48. SPS sent Plaintiff a letter dated June 28, 2021, asking for a copy of Plaintiff's social security card.
49. SPS sent Plaintiff a letter dated June 30, 2021, stating that Plaintiff's claim of fraud had been routed to another department and she would receive a response in a different letter.
50. SPS sent Plaintiff a letter dated July 9, 2021 in response to her second IDTN, which stated that a response would be sent within 30 days of receipt of the inquiry.
51. SPS sent Plaintiff a letter dated July 26, 2021, in response to her second IDTN asking again for a copy of Plaintiff's social security card, which she had already sent a copy of.
52. Defendant has refused to investigate Plaintiff's numerous claims of identity theft, instead continuing to ask for documentation that was already provided, and has continued to report the alleged debt to Plaintiff's credit report(s).
53. Defendant has maintained its claim to Plaintiff's money and/or property by maintaining that Plaintiff owes the alleged debt.
54. Simply put, Plaintiff is the victim of identity theft with respect to the unlawfully opened mortgage account using Plaintiff's personal information and has filed a police report expressly claiming such. That police report has been provided to both Defendant. Defendant has failed to stop reporting the alleged debt to CRAs

and is refusing to stop attempting to collect the alleged debt despite knowing that the alleged debt was the result of identity theft.

55. Defendant ignored Plaintiff's disputes and instead maintained its interest in Plaintiff's money and property that is the product of identity theft by: (1) continuing to report the alleged debt to Plaintiff's credit report(s), (2) continuing to attempt to collect the alleged debt from Plaintiff, (3) maintaining that Plaintiff is responsible for paying the alleged debt, despite knowing that the account was opened without Plaintiff's permission, and thus the debt was created as a result of identity theft.

56. A claimant, as defined by C.C.P. section 1798.92(a), "means a person who has or purports to have a claim for money or an interest in property in connection with a transaction procured through identity theft."

57. It is clear that Defendant purports to have an interest in Plaintiff's money and property because it is still reporting the alleged debt to Plaintiff's credit report(s), it is continuing to attempt to collect the debt, and it has not disassociated this debt from Plaintiff and her personal information. This absolutely constitutes an actual or purported claim for money and/or an actual or purported interest in property on the part of Defendant.

58. Plaintiff has requested and demanded that she and her personal information be disassociated from the alleged debt, that Defendant remove the alleged debt to Plaintiff's credit reports, that Defendant stop attempting to collect the alleged debt from Plaintiff, and that Defendant acknowledge that Plaintiff does not owe this alleged debt. Defendant has failed and refused to do so.

59. Plaintiff did not consent to the use of her personal information to open the fraudulent account that Defendant is attempting to collect from Plaintiff.

## ACTUAL DAMAGES

60. As a result of Defendant's actions, omissions, and inaction, Plaintiff has suffered damage by loss of credit, loss of ability to purchase and benefit from

credit, increased costs for credit, invasion of privacy, mental and emotional pain, anguish, humiliation and embarrassment of credit denials, amongst others. Plaintiff has further spent countless hours and suffered pecuniary loss in attempting to correct Defendant's reporting of inaccurate and derogatory information, without success, including but not limited to time loss, charges for cellular phone usage and charges for postage.

61. Plaintiff's injuries are concrete. Defendant' conduct of reporting inaccurate and derogatory information is analogous to the common law tort of defamation. Furthermore, Congress and the California legislature enacted the FCRA and CCRAA to protect consumers from precisely the conduct described in this Complaint. Congress and the California legislature found that the banking system is dependent upon fair and accurate credit reporting; and that, inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. Consequently, the FCRA and CCRAA were enacted to insure fair and accurate reporting, promote efficiency in the banking system and protect consumer privacy; and to ensure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers. The alleged transgressions by Defendant would, if left unchecked in a competitive marketplace, naturally propagate had Congress and the California legislature not created laws to give vulnerable consumers a voice and a mechanism for private enforcement.

///

///

///

**CAUSES OF ACTION CLAIMED BY PLAINTIFF**

**COUNT I**

**VIOLATION OF THE FAIR CREDIT REPORTING ACT**

**15 U.S.C. § 1681S-2(B)(1)(A)**

62. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

63. On one or more occasions within the two years prior to the filing of this suit, by example only and without limitation, Defendant violated 15 U.S.C. §1681s-2(b)(l)(A) by failing to fully and properly investigate Plaintiff's disputes.

64. Defendant understood the nature of Plaintiff's disputes when it received an ACDV from Experian.

65. As a result of the conduct, actions and inactions of Defendant. the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

66. The conduct, actions and inactions by Defendant were willful, rendering Defendant liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, Defendant was negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

67. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

**COUNT II**

**VIOLATION OF THE FAIR CREDIT REPORTING ACT**

**15 U.S.C. § 1681S-2(B)(1)(B)**

68. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

69. On one or more occasions within the two years prior to the filing of this suit, by example only and without limitation, Defendant violated 15 U.S.C. §1681s-2(b)(l)(B) by failing to review all relevant information provided by the consumer reporting agencies.

70. As a result of the conduct, actions and inactions of Defendant the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

71. The conduct, actions and inactions by Defendant were willful, rendering Defendant liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative Defendant was negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

72. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

### COUNT III

### VIOLATION OF THE FAIR CREDIT REPORTING ACT

### 15 U.S.C. § 1681S-2(B)(1)(C) AND (D)

73. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

74. On one or more occasions within the two years prior to the filing of this suit, by example only and without limitation, Defendant violated 15 U.S.C. §1681s-2(b)(l)(C) and (D) by publishing the Defendant's reporting to Plaintiff's credit files with Experian and failing to correctly report results of an accurate investigation to each other credit reporting agency.

75. As a result of the conduct, actions and inactions of Defendant the Plaintiff suffered actual damages including without limitation, by example only and as

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

described herein on Plaintiff's behalf by counsel: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

76. On information and belief, Plaintiff alleges that the procedures followed regarding Plaintiff's FCRA disputes through e-Oscar were the procedures that Defendant intended their employees or agents to follow.

77. The conduct, actions and inactions by Defendant were willful, rendering Defendant liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative I.C. were negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

78. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

## COUNT IV

## VIOLATION OF THE CCRAA

## CAL CIV § 1785.25(A)

79. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

80. On one or more occasions within the two years prior to the filing of this suit, by example only and without limitation, Defendant violated Cal Civ §1785.25(a) by furnishing incomplete and/or inaccurate information about Plaintiff to one or more consumer credit reporting agencies when they knew or should have known that the information was incomplete or inaccurate.

81. As a result of the conduct, actions and inactions of Defendant the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

82. The conduct, actions and inactions by Defendant were willful, rendering Defendant liable for punitive damages in an amount of up to $5,000 for each violation to be determined by the Court pursuant to Cal Civ §1731(a)(2)(B). In the alternative I.C. were negligent entitling the Plaintiff to recover under Cal Civ §1731(a)(1).

83. The Plaintiff is entitled to recover actual damages, costs and attorney's fees from Defendant in an amount to be determined by the Court pursuant to Cal Civ §1731(a)(1).

## COUNT V

### VIOLATION OF THE CITA

### CAL CIV. CODE §1798.93, ET SEQ.

84. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

85. The foregoing acts and omissions constitute numerous and multiple violations of the CITA.

86. Plaintiff brings this cause of action pursuant to Cal. Civ. Code § 1798.93. Plaintiff is the victim of identity theft in connection with the alleged claims of Defendant(s) based upon alleged debts and/ or security interest resulting from identity theft.

87. Plaintiff has provided written notice to Defendant(s) that a situation of identity theft may exist with respect to the money, including a copy of the Oakland PR and Antioch PR. Defendant(s) have failed to diligently investigate Plaintiff's notifications of identity theft. Defendant(s) have continued to have a claim for money and/or interest in Plaintiff's money after they were presented with the facts that entitle Plaintiff to a judgment pursuant to Cal. Civ. Code § 1798.93.

88. As a result of each and every violation of the CITA, Plaintiff is entitled to actual damages, including emotional distress damages, pursuant to Cal. Civ. Code § 1798.93(a)(5); attorney's fees and costs pursuant to Cal. Civ. Code § 1798.93(c)(5); any equitable relief the court deems appropriate pursuant to Cal.

Civ. Code § 1798.93(c)(5); and a civil penalty, in addition to any other damages, of up to $30,000.00, from each Defendant, pursuant to Cal. Civ. Code § 1798.93(c)(6).

89. In addition, Plaintiff is entitled to a declaration that Plaintiff is not obligated to Defendant(s) on any claim under Cal. Civ. Code § 1798.93(c)(1); a declaration that any security interest or other interest Defendant(s) purportedly obtained in the Plaintiff's property in connection with the claim is void and unenforceable, under Cal. Civ. Code § 1798.93(c)(2); an injunction restraining Defendant(s) from collecting or attempting to collect on the claim, from enforcing or attempting to enforce any security interest or other interest in Plaintiff's property in connection with the claim, or from enforcing or executing on any judgment against Plaintiff on the claim under Cal. Civ. Code § 1798.93(c)(3); and the dismissal of any cause of action based on a claim, which arose because of identity theft under Cal. Civ. Code § 1798.93(c)(4).

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that judgment be entered against each Defendant for:

a) An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1798.93(c)(5), 15 U.S.C. §§ 1681n, and 1681o, and Cal. Civ. Code §1785.31(a)(1);

b) An award of any equitable relief the Court deems appropriate, pursuant to Cal. Civ. Code § 1798.93(c)(5);

c) A civil penalty of up to $30,000.00, pursuant to Cal. Civ. Code § 1798.98(c)(5) from each Defendant;

d) An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1798.93(c)(5);

e) A declaration that Plaintiff is not obligated to Defendants on any claims pursuant to Cal. Civ. Code § 1798.93(c)(1);

f) A declaration that any security interest, or other interest, Defendant purportedly obtained in Plaintiff's property, in connection with any claim, is void and unenforceable pursuant to Cal. Civ. Code § 1798.93(c)(2);

g) The dismissal of any cause of action filed based on a claim, which arose as a result of identity theft pursuant to Cal. Civ. Code § 1798.93(c)(4);

h) An injunction restraining Defendant from collecting or attempting to collect on the claim, from enforcing or attempting to enforce any security interest or other interest in Plaintiff's property in connection with the claim, or from enforcing or executing on any judgment against Plaintiff on the claim pursuant to Cal. Civ. Code § 1798.93(c)(3);

i) Award of injunctive relief pursuant to Cal. Civ. Code § 1798.93(c)(3) that Defendant be ordered to immediately return to Plaintiff's money;

j) An award of statutory damages pursuant to 15 U.S.C. §§ 1681n, and 1681o, and Cal. Civ. Code §1785.31(a)(1);

k) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n, and 1681o;

l) Costs and reasonable attorney's fees pursuant to Cal. Civ. Code §1785.31(a)(1);

m) An order directing that each Defendant immediately delete all of the inaccurate information from Plaintiff's credit reports and files and cease reporting the inaccurate information to any and all persons and entities to whom they report consumer credit information;

n) An order directing that each Defendant send to all persons and entities to whom they have reported Plaintiff's inaccurate information within the last three years Plaintiff's updated and corrected credit report information;

o) An award of punitive damages; and

p) Award to Plaintiff of such other and further relief as may be just and proper.

**<u>TRIAL BY JURY IS DEMANDED</u>**

90. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

DATED: June 28, 2022

**THE CARDOZA LAW CORPORATION**

BY: /S/ LAUREN B. VEGGIAN
LAUREN B. VEGGIAN, ESQ.
MICHAEL F. CARDOZA, ESQ.
ATTORNEYS FOR PLAINTIFF
NELLY C. OSUJI

**ELECTRONICALLY STORED INFORMATION REQUEST**

This notice is to demand that you preserve all documents, tangible things and electronically stored information ("ESI") potentially relevant to any issues in the above-entitled matter. This specifically includes, but is not limited to, all information pertaining to the above matter, including specifically all recordings of any telephone communication between your company and Plaintiff.

As used in this request, "you" and "your" or "your client" refers to your organizations, and its predecessors, successors in interest, assignees, parents, subsidiaries, divisions or affiliates, and their respective officers, directors, employees, servants, agents, attorneys, and accountants.

Much of the information subject to disclosure or responsive to discovery is stored on your client's current and former computer systems and other media and devices (such as: personal digital assistants, voice-messaging systems, online repositories and cell phones).

Electronically stored information ("ESI") should be afforded the broadest possible definition and includes (for example and not as an exclusive list) potentially relevant information whether electronically, magnetically or optically stored.

This preservation obligation extends beyond ESI in yours or your client's care, possession or custody and includes ESI in the custody of others that is subject to your client's direction or control. You must notify any current or former agent, attorney, employee, custodian or contractor in possession of potentially relevant ESI to preserve such ESI to the full extent of your client's obligation to do so, and you must try to secure their compliance.